# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1145


**JOHN L. GERMANY, ET AL.**

**VERSUS**

**CONOCOPHILLIPS COMPANY, ET AL.**


************

ON SUPERVISORY WRITS FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101,775
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.


**WRIT DENIED.**


**Eric E. Jarrell**
**Elizabeth S. Wheeler**
**Michael D. Roche**
**Rebecca H. Dietz**
**King, LeBlanc & Bland, P.L.L.C.**
**201 St. Charles Avenue, Suite 4500**
**New Orleans, Louisiana 70170**
**(504) 582-3800**
**Counsel for Defendant/Applicant:**
**ConocoPhillips Company**

**Phillip A. Wittmann**
**Daria B. Diaz**
**Justin P. Lemaire**
**Jackie M. McCreary**
**Stone, Pigman, Walther, Wittman, L.L.C.**
**546 Carondelet Street**
**New Orleans, Louisiana 70130**
**(504) 581-3200**
**Counsel for Defendant/Applicant:**
      **ConocoPhillips Company**

**Donald T. Carmouche**
**Victor L. Marcello**
**John H. Carmouche**
**William R. Coenen, III**
**John S. DuPont, III**
**Brian T. Carmouche**
**Talbot, Carmouche & Marcello**
**Post Office Box 759**
**Gonzales, Louisiana 70707-0759**
**(225) 644-7777**
**Counsel for Plaintiffs/Respondents:**
      **James S. McDuff**
      **William L. McDuff**
      **George M. Germany, Jr.**
      **Sheila G. Germany**
      **John L. Germany**

**Patricia E. Weeks**
**John P. Gonzalez**
**Weeks & Gonzalez**
**400 Magazine Street, Suite 200**
**New Orleans, Louisiana 70130**
**(504) 799-2888**
**Counsel for Plaintiffs/Respondents:**
      **John L. Germany**
      **James S. McDuff**
      **Sheila G. Germany**
      **William L. McDuff**
      **George M. Germany, Jr.**

**Robert C. Vines**
**Attorney at Law**
**300 Boas Avenue**
**New Iberia, Louisiana 70563**
**(337) 365-1729**
**Counsel for Plaintiffs/Respondents:**
      **John L. Germany**
      **James S. McDuff**
      **Sheila G. Germany**
      **William L. McDuff**
      **George M. Germany, Jr.**

**M. Bofill Duhé**
**Attorney at Law**
**25 Paradise Woods**
**New Iberia, Louisiana  70563**
**(337) 519-1049**
**Counsel for Plaintiffs/Respondents:**
      **John L. Germany**
      **James S. McDuff**
      **Sheila G. Germany**
      **William L. McDuff**
      **George M. Germany, Jr.**

**Patrick W. Gray**
**Johnson, Gray, McNamara, LLC**
**Post Office Box 51165**
**Lafayette, Louisiana  70505**
**(337) 412-6003**
**Counsel for Defendant/Respondent:**
      **Wainoco Oil & Gas Company**

**Scott C. Sinclair**
**Sinclair Law Firm**
**Post Office Box 1026**
**Shreveport, Louisiana  71163**
**(318) 424-4901**
**Counsel for Defendant/Respondent:**
      **Goodrich Petroleum Company, Inc.**

**SULLIVAN, Judge.**

At issue in this writ application is the procedure to be employed in oilfield contamination suits. For the following reasons, we affirm the trial court's holding that, pursuant to Act 312 of 2006, there should be a single trial of all issues before the case is referred to the Louisiana Department of Natural Resources (LDNR).

*Facts*

Plaintiffs sued four corporate defendants whom they allege conducted oil and gas operations on their property, that contaminated their land and are subject to the jurisdiction of the LDNR. Among other things, Plaintiffs seek remediation of their property. All parties agree that Act 312 of 2006 (see appendix), which is codified as La.R.S. 30:29, governs Plaintiffs' claims.

Defendant ConocoPhillips filed a motion in limine to ensure that the trial of this matter complies with the procedure provided for in La.R.S. 30:29. Plaintiffs opposed the motion in limine, arguing that the procedure advocated by ConocoPhillips is not contemplated by La.R.S. 30:29, would be in derogation of La.Code Civ.P. arts. 1562 and 1736 which require consent for bifurcated trials, and would result in judicial inefficiency. The trial court agreed with Plaintiffs' arguments and determined, "since the parties have not consented to a bifurcated trial, the entire case shall be tried to the finder of fact and only then may the case be referred to the LDNR." ConocoPhillips filed this writ application seeking resolution of this issue.

*Discussion*

ConocoPhillips contends that Act 312 provides a three-phase procedure for remediation claims. It contends that in the first phase, the trial court or jury determines whether there is environmental damage and who is legally responsible for

1

that damage. If the findings are affirmative, the trial court orders the matter "turned over to LDNR for remediation plan consideration and formulation." LDNR's remediation plan development process is the second phase. In the last phase, the trial court enters a judgment on the final remediation plan and determines "whether the plaintiff-landowners have any claims for damage beyond that which is being addressed by the final approved plan." Damage claims which exceed the provisions of the remediation plan are then tried by the trial court or a jury.

Plaintiffs contend that Act 312 does not contemplate anything other than the traditional procedure of a trial before the trial court or a jury which determines liability *and* damages. Thereafter, LDNR develops a remediation plan, which is submitted to the trial court for approval.

We have carefully reviewed Act 312. Contrary to ConocoPhillips' assertions, we do not find that Act 312 clearly provides for the three-phase procedure it advocates. We find no indication in the Act that the Legislature intended the procedure to be a deviation from the usual trial procedure where issues of liability and damages are tried in one proceeding. ConocoPhillips argues that Subsection H makes it clear that the statute contemplates first a determination of liability by the trial court, then referral to LDNR for determination of remediation needed, and finally return to the trial court for determination of damages.

In our opinion, the Act, specifically Sections A and H, clarifies that this new judicial procedure for claims, that until now have been exclusively administrative claims, does not limit a landowner's recovery to the award determined by the administrative agency, LDNR. While each section states that the landowner has a right to pursue a judicial remedy and receive a judicial award for private claims,

neither provides that pursuit of that remedy or award is different from the traditional procedure employed in such litigation.

With regard to Plaintiffs' contentions, the right to a jury trial in a civil case is provided for by statute, La.Code Civ.P. arts. 1731 through 1814. Litigants have a right to trial by jury "[e]xcept as limited by Article 1732." None of the exceptions enumerated in Article 1732 apply to this litigation. Additionally, pursuant to the Code of Civil Procedure, issues of liability and damages must be tried together unless the parties agree to separate proceedings for liability and damages. La.Code Civ.P. arts. 1562, 1736.

ConocoPhillips asserts that because Act 312 is the latest action by the legislature on the process to be employed in such situations, it supercedes the procedure provided for by the Code of Civil Procedure. Being of the opinion that Act 312 does not clearly provide for the procedure ConocoPhillips advocates, we need not address this contention.

The issues presented herein have been addressed by the fourth circuit in *Duplantier Family Partnership v. BP Amoco*, an unpublished opinion bearing docket number 07-293 (La.App. 4 Cir. 5/16/07), 955 So.2d 763, *writs denied*, 07-1241, 07-1265, 07-1271 (La. 9/28/07), 964 So.2d 367, 368. In *Duplantier*, the court observed that the legislature's enactment of La.R.S. 30:29 was to ensure that funds awarded by courts for the remediation of property damaged by oil and gas exploration and production are used for that purpose but pointed out that the legislature has not limited a property owner's private right of action for damages in such cases. The court also considered that the supreme court has not limited a property owner's "recovery for remediation . . . to tort damages." *Id.* at 25 (citing *Corbello v. Iowa*

3

*Prod.*, 02-826 (La. 2/25/03), 850 So.2d 686). The fourth circuit concluded that dicta in *Corbello* indicates that "all claims, both tort and contractual, should be considered at the same time in order to determine the full extent of damages owed to the property owner." *Id*. at 26.

As to the procedure advocated by the defendants, the fourth circuit opined that for judicial efficiency and the avoidance of piecemeal litigation "one trial of all issues" is the "most plausible interpretation of the statute." *Id.* The court also noted that consent of all parties is required to bifurcate trials, La.Code Civ.P. arts. 1562, 1736, and that under ConocoPhillips' interpretation, "there would be two juries, two trials, and at least two appeals, all which could result in conflicting rulings." *Id*.

We agree with the reasoning and determination of the fourth circuit in *Duplantier* and the trial court herein that the trial in this matter must be tried in its entirety to the fact finder then referred to LDNR.

**WRIT DENIED.**

4

# APPENDIX

Acts 2006, No. 312, § 1, which enacted La.R.S. 30:29, provides:

A. The legislature hereby finds and declares that Article IX, Section 1 of the Constitution of Louisiana mandates that the natural resources and the environment of the state, including ground water, are to be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people and further mandates that the legislature enact laws to implement this policy. It is the duty of the legislature to set forth procedures to ensure that damage to the environment is remediated to a standard that protects the public interest. To this end, this Section provides the procedure for judicial resolution of claims for environmental damage to property arising from activities subject to the jurisdiction of the Department of Natural Resources, office of conservation. The provisions of this Section shall be implemented upon receipt of timely notice as required by Paragraph (B)(1) of this Section. The provisions of this Section shall not be construed to impede or limit provisions under private contracts imposing remediation obligations in excess of the requirements of the department or limit the right of a party to a private contract to enforce any contract provision in a court of proper jurisdiction.

B. (1) Notwithstanding any law to the contrary, immediately upon the filing or amendment of any litigation or pleading making a judicial demand arising from or alleging environmental damage, the provisions of this Section shall apply and the party filing same shall provide timely notice to the state of Louisiana through the Department of Natural Resources, commissioner of conservation and the attorney general. The litigation shall be stayed with respect to any such judicial demand until thirty days after such notice is issued and return receipt is filed with the court.

(2) The department or the attorney general, in accordance with their areas of constitutional and statutory authority and regulations adopted pursuant thereto, shall have the right to intervene in such litigation in accordance with the Louisiana Code of Civil Procedure. Nothing in this Section shall diminish the authority of the department or the attorney general to independently bring any civil or administrative enforcement action. Nor shall anything in this Section preclude the department from independently responding in a timely manner to an inquiry or request by a landowner for investigation.

(3) Any judgment or order in any litigation to which this Section applies shall be without prejudice to any independent civil or administrative action by the department or the attorney general regarding any environmental damage alleged therein. No such judgment or order in such litigation may bar the department or the attorney general pursuant to R.S. 13:4231 et seq., or otherwise from pursuing any independent civil or administrative action regarding environmental damage alleged therein, regardless of whether the department or the attorney general has intervened.

(4) No judgment or order shall be rendered granting any relief in such litigation to which this Section applies, nor shall the litigation be dismissed, until timely notice is received by the state of Louisiana as set forth in this Subsection.

C. (1) If at any time during the proceeding a party admits liability for environmental damage or the finder of fact determines that environmental damage exists and determines the party or parties who caused the damage or who are otherwise legally responsible therefor, the court shall order the party or parties who admit responsibility or whom the court finds legally responsible for the damage to develop a plan or submittal for the evaluation or remediation to applicable standards

5

of the contamination that resulted in the environmental damage. The court shall order that the plan be developed and submitted to the department and the court within a time that the court determines is reasonable and shall allow the plaintiff or any other party at least thirty days from the date each plan or submittal was made to the department and the court to review the plan or submittal and provide to the department and the court a plan, comment, or input in response thereto. The department shall consider any plan, comment, or response provided timely by any party. The department shall submit to the court a schedule of estimated costs for review of the plans or submittals of the parties by the department and the court shall require the party admitting responsibility or the party found legally responsible by the court to deposit in the registry of the court sufficient funds to pay the cost of the department's review of the plans or submittals. Any plan or submittal shall include an estimation of cost to implement the plan.

(2) Within sixty days from the last day on which any party may provide the department with a plan, comment, or response to a plan as provided in Paragraph (C)(1) of this Section, the department shall conduct a public hearing on the plan or plans submitted. Within sixty days of the conclusion of the hearing, the department shall approve or structure a plan based on the evidence submitted which the department determines to be the most feasible plan to evaluate or remediate the environmental damage and protect the health, safety, and welfare of the people. The department shall issue written reasons for the plan it approves or structures. On motion of the department, for good cause shown, the court may grant the department additional time, not to exceed sixty days, within which to either conduct the hearing or approve a plan with reasons.

(3) The department shall use and apply the applicable standards in approving or structuring a plan that the department determines to be the most feasible plan to evaluate or remediate the environmental damage.

(4) The plan approved by the department for submission to the court shall not be considered to be an adjudication subject to appellate review pursuant to R.S. 49:964 or R.S. 30:12.

(5) The court shall adopt the plan approved by the department, unless a party proves by a preponderance of the evidence that another plan is a more feasible plan to adequately protect the environment and the public health, safety, and welfare. The court shall enter a judgment adopting a plan with written reasons assigned. Upon adoption of a plan, the court shall order the party or parties admitting responsibility or the party or parties found legally responsible by the court to fund the implementation of the plan.

(6)(a) Any judgment adopting a plan of evaluation or remediation pursuant to this Section and ordering the party or parties admitting responsibility or the party or parties found legally responsible by the court to deposit funds for the implementation thereof into the registry of the court pursuant to this Section shall be considered a final judgment pursuant to the Code of Civil Procedure Article 2081 et seq., for purposes of appeal.

(b) Any appeal under this Section shall be a de novo review and shall be heard with preference and on an expedited basis.

(c) The appellate court may affirm the trial court's adoption of a plan or may adopt a feasible plan in conformity with this Section and shall issue written reasons for its decision.

D. (1) Whether or not the department or the attorney general intervenes, and except as provided in Subsection H of this Section, all damages or payments in any civil action, including interest thereon, awarded for the evaluation or remediation of environmental damage shall be paid exclusively into the registry of the court in an interest-bearing account with the interest accruing to the account for clean up.

(2) The court may allow any funds to be paid into the registry of the court to be paid in increments as necessary to fund the evaluation or remediation and implementation of any plan or submittal adopted by the court. In any instance in which the court allows the funds to be paid in increments, whether or not an appeal is taken, the court shall require the posting of a bond for the implementation of the plan in such amount as provided by and in accordance with the procedures set forth for the posting of suspensive appeal bonds. Any such bond shall be valid through completion of the remediation.

(3) The court shall issue such orders as may be necessary to ensure that any such funds are actually expended in a manner consistent with the adopted plan for the evaluation or remediation of the environmental damage for which the award or payment is made.

(4) The court shall retain jurisdiction over the funds deposited and the party or parties admitting responsibility or the party or parties found legally responsible by the court until such time as the evaluation or remediation is completed. If the court finds the amount of the initial deposit insufficient to complete the evaluation or remediation, the court shall, on the motion of any party or on its own motion, order the party or parties admitting responsibility or found legally responsible by the court to deposit additional funds into the registry of the court. Upon completion of the evaluation or remediation, the court shall order any funds remaining in the registry of the court to be returned to the depositor. The department and the parties shall notify the court of the completion of any evaluation or remediation.

E. (1) In any civil action in which a party is responsible for damages or payments for the evaluation or remediation of environmental damage, a party providing evidence, in whole or in part, upon which the judgment is based shall be entitled to recover from the party or parties admitting responsibility or the party or parties found legally responsible by the court, in addition to any other amounts to which the party may be entitled, all costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including, but not limited to, expert witness fees, environmental evaluation, investigation, and testing, the cost of developing a plan of remediation, and reasonable attorney fees incurred in the trial court and the department.

(2) In any civil action in which the department or the attorney general, or their employees, are parties or witnesses, provide evidence, or otherwise contribute to the determination of responsibility for evaluation or remediation, or the approval of a plan of remediation, the department or attorney general shall be entitled to recover from the party or parties admitting responsibility or the party or parties found legally responsible by the court all costs thereof, including but not limited to investigation, evaluation, and review costs; expert witness fees; and reasonable attorney fees.

F. The court and the department shall retain oversight to ensure compliance with the plan. The party or parties admitting responsibility or the party or parties found legally responsible by the court shall file progress reports periodically as the court or the department may require.

G.  The provisions of this Section are intended to ensure evaluation or remediation of environmental damage.  If the court finds that no environmental damage exists, the court may dismiss the department or attorney general from the litigation without prejudice.

H.  This Section shall not preclude an owner of land from pursuing a judicial remedy or receiving a judicial award for private claims suffered as a result of environmental damage, except as otherwise provided in this Section.  Nor shall it preclude a judgment ordering damages for or implementation of additional remediation in excess of the requirements of the plan adopted by the court pursuant to this Section as may be required in accordance with the terms of an express contractual provision.  Any award granted in connection with the judgment for additional remediation is not required to be paid into the registry of the court.  This Section shall not be interpreted to create any cause of action or to impose additional implied obligations under the mineral code or arising out of a mineral lease.

I.  For the purposes of this Section, the following terms shall have the following meanings:

(1)  "Environmental damage" shall mean any actual or potential impact, damage, or injury to environmental media caused by contamination resulting from activities associated with oilfield sites or exploration and production sites.  Environmental media shall include but not be limited to soil, surface water, ground water, or sediment.

(2)  "Evaluation or remediation" shall include but not be limited to investigation, testing, monitoring, containment, prevention, or abatement.

(3)  "Feasible Plan" means the most reasonable plan which addresses environmental damage in conformity with the requirements of Louisiana Constitution Article IX, Section 1 to protect the environment, public health, safety and welfare, and is in compliance with the specific relevant and applicable standards and regulations promulgated by a state agency in accordance with the Administrative Procedure Act in effect at the time of clean up to remediate contamination resulting from oilfield or exploration and production operations or waste.

(4)  "Oilfield site" or "exploration and production (E&P) site" means any location or any portion thereof on which oil or gas exploration, development, or production activities have occurred, including wells, equipment, tanks, flow lines or impoundments used for the purposes of the drilling, workover, production, primary separation, disposal, transportation or storage of E&P wastes, crude oil and natural gas processing, transportation or storage of a common production stream of crude oil, natural gas, coal seam natural gas, or geothermal energy prior to a custody transfer or a sales point.  In general, this definition would apply to all exploration and production operations located on the same lease, unit or field.

(5) "Timely notice" means written notice sent by certified mail, return receipt requested.  Such notice shall include a copy of the petition and any other filing in such litigation.

J. (1)  In the event that any settlement is reached in a case subject to the provisions of this Section, the settlement shall be subject to approval by the court. The department and the attorney general shall be given notice once the parties have reached a settlement in principle.  The department shall then have no less than thirty days to review that settlement and comment to the court before the court certifies the settlement.  If after a contradictory hearing the court requires remediation, the court

8

shall not certify or approve any settlement until an amount of money sufficient to fund such remediation is deposited into the registry of the court. No funding of a settlement shall occur until the requirements of this Section have been satisfied. However, the court shall have the discretion to waive the requirements of this Section if the settlement reached is for a minimal amount and is not dispositive of the entire litigation.

(2) In the event a settlement is agreed to between the parties in a case in which the department or the attorney general has intervened, such agency shall be entitled to recover from the settling defendants all costs, including investigation, evaluation, and review costs; expert witness fees; and reasonable attorney fees.

K. The provisions of this Section shall not apply to a judicial demand that prior to the effective date of this Section has been resolved through compromise agreement and settlement of claims, or by judgment on the merits that has become final and definitive.