# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## CW 07-927


**TENSAS POPPADOC, INC.**

**VERSUS**

**CHEVRON, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

## ON WRIT APPLICATION FROM THE
## SEVENTH JUDICIAL DISTRICT COURT
## PARISH OF CONCORDIA, NO. 40769
## HONORABLE LEO BOOTHE, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**WRIT DENIED.**

**Patrick A. Talley, Jr.**
**Michael R. Phillips**
**Louis M. Grossman**
**Frilot, L.L.C.**
**1100 Poydras Street, Suite 3600**
**New Orleans, LA 70163-3600**
**(504) 599-8000**
**COUNSEL FOR APPLICANT:**
      **Chevron U.S.A., Inc.**

**John A. Jeansonne, Jr.**
**Jeansonne & Remondet**
**P.O. Box 91530**
**Lafayette, LA  70509**
**(337) 237-4370**
**COUNSEL FOR APPLICANTS:**
      **McGowan Working Partners, Inc., Spokane Oil & Gas, L.L.C.,**
      **and Sunset Oil & Gas, L.L.C.**

**John A. Jeansonne, III**
**Jeansonne & Remondet**
**365 Canal Street, Suite 1700**
**New Orleans, LA  70130**
**(504) 524-7333**
**COUNSEL FOR APPLICANTS:**
  **McGowan Working Partners, Inc., Spokane Oil & Gas, L.L.C.,**
  **and Sunset Oil & Gas, L.L.C.**


**F. John Reeks, Jr.**
**Brian A. Cowan**
**Lemle & Kelleher**
**10th Floor, Louisiana Tower**
**401 Edwards Street**
**Shreveport, LA 71101**
**(318) 227-1131**
**COUNSEL FOR APPLICANTS:**
  **Devon Energy Production Co., L.P., Merit Energy Co.,**
  **Merit Management Partners, I, L.P., Merit Energy Partners, III, L.P.**
  **Merit Energy Partners D-III, L.P.**


**D. Russell Holwadel**
**Bruce R. Hoefer, Jr.**
**Ira J. Rosenzweig**
**Adams, Hoefer, Holwadel & Eldridge, L.L.C.**
**601 Poydras Street, Suite 2490**
**New Orleans, LA 70130**
**(504) 581-2606**
**COUNSEL FOR APPLICANTS:**
  **Denbury Onshore, L.L.C., and LSJ Exploration, L.L.C. for**
  **Smith Operating & Management Co., Diamond Smith Operating, L.L.C.**
  **and Oil & Ale LSJ, L.C.C.**


**D. Russell Holwadel**
**Bruce R. Hoefer, Jr.**
**Ira J. Rosenzweig**
**Adams, Hoefer, Holwadel & Eldridge, L.L.C.**
**601 Poydras Street, Suite 2490**
**New Orleans, LA 70130**
**(504) 581-2606**
**COUNSEL FOR APPLICANTS:**
  **LSJ Exploration, L.L.C. and C.J. Morris, Inc.**


**Guy E. Wall**
**Paul E. Bullington**
**Jonathan R. Cook**
**Wall & Bullington, L.L.C.**
**2030 Dickory Avenue, Suite 200**
**New Orleans, LA 70133**
**(504) 736-0347**
**COUNSEL FOR APPLICANTS:**
  **LSJ Exploration, L.L.C. and C.J. Morris, Inc.**

**Donald T. Carmouche**
**Victor L. Marcello**
**John H. Carmouche**
**Kenneth Jay DeLouche**
**William R. Coenen, III**
**John S. DuPont, III**
**Brian T. Carmouche**
**Talbot, Carmouche & Marcello**
**P.O. Box 759**
**Gonzales, LA 70707-0759**
**(225) 644-7777**
**COUNSEL FOR RESPONDENT:**
  **Tensas Poppadoc, Inc.**

**Jerold Edward Knoll**
**The Knoll Law Firm, L.L.C.**
**233 South Main Street**
**P.O. Box 426**
**Marksville, LA 71351**
**(318) 253-6200**
**COUNSEL FOR RESPONDENT:**
  **Tensas Poppadoc, Inc.**

**James E. Paxton, APLC**
**P.O. Box 97**
**St. Joseph, LA 71366**
**(318) 766-4892**
**COUNSEL FOR RESPONDENT:**
  **Tensas Poppadoc, Inc.**

**Wade N. Kelly**
**Robichaux, Mize, Wadsack & Richardson, L.L.C.**
**1777 Ryan Street**
**Lake Charles, LA 70602-2065**
**(337) 433-0234**
**COUNSEL FOR RESPONDENT:**
  **Tensas Poppadoc, Inc.**

**COOKS, Judge.**

This litigation arises out of the alleged contamination of certain property located in the Lake St. John oilfield in Concordia Parish, Louisiana. Plaintiff, Tensas Poppadoc, Inc., alleged that various oil and gas explorations by several defendants have contaminated or otherwise damaged its property. Plaintiff sought compensatory damages to cover the cost of remediation and restoration, loss of use, diminution of value, and mental anguish.

A trial date in this matter was tentatively set for May 12, 2008. After the Louisiana legislature passed Act 312 of 1996, which was enacted La.R.S. 30:29, Plaintiff filed a motion in limine, seeking to have the trial court issue an order requiring that a jury trial be held on the merits of all issues of liability and damages, including remediation, before the case can be referred to the Louisiana Department of Natural Resources (LDNR) pursuant to Act 312. The trial court granted Plaintiff's motion, finding that nothing in Act 312 indicates that the legislature intended to change the civil procedure with regards to oilfield contamination cases. As such, the trial court held that because La.Code Civ.P. arts. 1562 and 1736 prohibit bifurcated jury trials without the consent of all parties, there should be a single jury trial of all issues before referring the case to the LDNR.

Defendants filed a motion to vacate the order granting Plaintiff's motion in limine, arguing that there is no reason to wait until after a full trial on the merits before starting the LDNR administrative process under Act 312.[1] Following a

---

[1] Relators are the following defendant companies: Chevron U.S.A., Inc.; McGowan Working Partners, Inc.; Spokane Oil & Gas L.L.C.; Sunset Oil & Gas, L.L.C.; Devon Energy Production Company, L.P.; Denbury Onshore, L.L.C.; LSJ Exploration, L.L.C.; C.L. Morris, Inc.; Smith Operating & Management Company; Diamond Smith Operating, L.L.C.; Oil & Ale LSJ, L.L.C.; Merit Energy Company; Merit Management Partners I, L.P.; Merit Energy Partners III, L.P.; and Merit Energy Partners D-III, L.P.

hearing, the trial court denied Defendants' motion to vacate and issued the following

written reasons for granting Plaintiff's motion in limine:

> In 2006, the legislature enacted La.[R.S.] 30:29 in Act 312. This statute provides certain procedures that must be followed in private suits for remediation of oilfield sites.

> After passage of Act 312, plaintiff filed a motion in limine seeking an order from the court that requires a jury trial on the merits of all issues of liability and damages, including remediation, before referral to the Louisiana Department of Natural Resources under the provisions of Act 312. (La.[R.S.] 30:29(C)). Defendants opposed the motion and proposed a case management order. This proposed case management order requires a "preliminary hearing" wherein the court, without a jury, determines whether environmental damage exists, and, if so, the parties responsible therefor. This proposed case management order further requires that (1) the case must be referred to LDNR, (2) a decision regarding cleanup must be made by LDNR, (3) the trial court must review LDNR's decision, and (4) the trial court's judgment approving or revising the LDNR's remediation plan must undergo appellate review before a jury trial is scheduled on plaintiff's claims. Defendants argue that La.R.S. 30:29 prohibits the scheduling of the trial of plaintiff's private claims before all appeals are exhausted on any judgment of the trial court approving or revising the LDNR's remediation plan.

> La.R.S. 30:29 does not provide for a "preliminary hearing." Instead, La.R.S. 30:29(C) requires that the determination of the existence of environmental damage and the parties responsible therefor be made by the "finder of fact". In this case, the "finder of fact" is the jury. Code of Civil Procedure Article 1732 provides that a jury trial is unavailable on cases "where a jury trial is specifically denied by law". La.R.S. 30:29 does not "specifically" deny the right to a jury with regard to the determination of the existence of "environmental damage" and the "party or parties who caused the damage or who are otherwise legally responsible therefor. . ." Since the plaintiff has not waived its right to a jury trial on the determination of the existence of environmental damage and the parties responsible therefor, the jury must be the finder of facts on these issues. *Davis v. Lazarus*, 927 So.2d 456 (La. App. 4th Cir. 2006).

> Act 312 contains no language that suggest[s] that the legislature intended to change the Code of Civil Procedure with regard to oilfield contamination cases. The Code of Civil Procedure requires that "there shall be but one trial" in a jury case absent consent of the parties. *See* La.[Code Civ.P.] articles 1562 and 1736. Because La.R.S. 30:29 expressly requires the "finder of fact" to determine legally responsible parties and the existence of environmental damage before referral of the remediation issue to the LDNR, this court must conduct a single trial of all issues before any referral to the LDNR.

Recently, the Fourth Circuit reversed an interlocutory order by the New Orleans Civil District Court that required two separate jury trials under Act 312. In *Duplantier Family Partnership, et al vs. BP Amoco, et al.*, [07-293 (La.App. 4 Cir. 5/16/07), 955 So.2d 763, *writs denied*, 07-1241, 07-1265, 07-1271 (La. 9/28/07), 964 So.2d 367, 368] the Fourth Circuit stated:

> [I]f the concept of judicial efficiency and avoidance of piecemeal litigation were to be maintained, then one trial of all issues would be the most plausible interpretation of the statute. As noted by the plaintiffs, bifurcated trials are only allowed under the Louisiana Code of Civil Procedure when there is consent of all parties. *See* La. C.C.P. article 1562(A), 1736. Further, if defendants' interpretation were accepted, then there would be two juries, two trials, and at least two appeals, all of which could result in conflicting rulings.

> *Duplantier Family Partnership, et al vs. BP Amoco, et al.*, No. 2007-C-0293. As noted by the Fourth Circuit, the Code of Civil Procedure does not permit bifurcated trials unless the parties consent otherwise. The parties have not consented to separate trials in this case.

> La.R.S. 30:29(C) provides that the referral to LDNR cannot be made until there is an admission of liability or a finder of fact has determined the existence of environmental damage and the parties responsible therefor. La.R.S. 30:29(C). To date, the defendants have not admitted liability. Because plaintiff has not consented to a bifurcated trial, the jury will not make its determination of the existence of environmental damage and the parties responsible therefor until the verdict is rendered at the "one trial" permitted under La.[Code Civ.P.] art. 1736. Therefore, under the procedural facts of the present case, La.R.S. 30:29 does not permit referral to LDNR until after the case is tried to a jury. For the above reasons, plaintiff's motion in limine is GRANTED.

Defendants filed a writ application with this court seeking review of the trial court's ruling. The writ was called up by this court for consideration of the matter on the merits.

## ANALYSIS

This case is similar to many of the oilfield contamination suits, commonly referred to as "legacy cases." Following the Louisiana Supreme Court's decision in *Corbello v. Iowa Production*, 02-826 (La. 2/25/03), 850 So.2d 686, the number of

"legacy cases" rose drastically. *Corbello* provided a mechanism through which plaintiffs could obtain damages to remediate and restore their property. The *Corbello* court acknowledged the possible dilemma that a landowner might use the money awarded him for restorative purposes for other purposes:

> While recognizing the need for a comprehensive body of legislation wherein the state would oversee the problem of oilfield waste sites, we note that the legislature was careful not to take away a private landowner's right to seek redress against oil companies.
>
> . . .
>
> There is no indication as to whether the legislature contemplated the fact that private landowners may or may not use the money from the judgment to restore land, but it is clear that it did not implement a procedure to ensure that the landowners will in fact use the money to clean the property.

*Id.* at 699.

In response to this problem, the Louisiana legislature passed Act 312 of 2006, enacted La.R.S. 30:29, which became effective on June 8, 2006. That statute sets forth procedures to be followed in oilfield remediation cases to insure that the funds awarded by the courts for damages to property will in fact be used to remediate the subject property.

Defendants take the position that the LDNR should not wait until after a full trial before getting involved in making determinations regarding remediation. Defendants argue because Act 312 places the determinations and implementations of a remediation plan within the providence of the LDNR and the court, the jury has no function in determining remediation damages. They maintain the jury's role under Act 312 is limited to determining the amount of damages recoverable for private claims, not excess remediation claims. Therefore, Defendants propose a case management plan which grants the court authority, without a jury, to conduct a preliminary hearing for the purpose of determining the extent of any property damage

-4-

and the exposure of responsible parties for remediation damages. The proposed case management plan also requires referral of the case to LDNR to allow it to make decisions regarding cleanup and remediation, subject to court approval, before a jury trial is scheduled for Plaintiff's private claims.

Defendants take the position that Act 312, and not the Code of Civil Procedure, should control the proceedings in this case. As such, Defendants contend the trial court erred by relying on the general provisions of the Louisiana Code of Civil Procedure in granting Plaintiff's motion in limine.

Plaintiff argues that pursuant to La.R.S. 30:29(C)(1), the LDNR has no role in the judicial proceedings until after a party admits or the fact finder determines liability and the existence of environmental damage. As such, Plaintiff contends the remediation plans should not be submitted to the LDNR until after a trial on the merits.

This court addressed a similar situation in *Germany v. ConocoPhillips Co.*, 07-1145 (La.App. 3 Cir. 3/5/08), ___ So.2d ___. In that case, landowners sued certain oil and gas companies to recover for the contamination of their property. The defendant oil and gas companies filed a motion in limine to insure that trial on the matter complied with the procedures provided in La.R.S. 30:29. The plaintiff landowners opposed the motion, contending the procedure set forth by the defendants is not contemplated by La.R.S. 30:29, and would be in derogation of La.Code Civ.P. arts. 1562 and 1736, which require consent for bifurcated trials. The trial court agreed with plaintiffs' position and concluded "since the parties have not consented to a bifurcated trial, the entire case shall be tried to the finder of fact and only then may the case be referred to LDNR." *Id.* Defendants filed a writ application with this court.

-5-

This court agreed with the reasoning of the trial court and denied the writ. We stated:

> We have carefully reviewed Act 312. Contrary to ConocoPhillips' assertions, we do not find that Act 312 clearly provides for the . . . procedure it advocates. We find no indication in the Act that the Legislature intended the procedure to be a deviation from the usual trial procedure where issues of liability and damages are tried in one proceeding. ConocoPhillips argues that Subsection H makes it clear that the statute contemplates first a determination of liability by the trial court, then referral to LDNR for determination of remediation needed, and finally return to the trial court for determination of damages.
>
> In our opinion, the Act, specifically Sections A and H, clarifies that this new judicial procedure for claims, that until now have been exclusively administrative claims, does not limit a landowner's recovery to the award determined by the administrative agency, LDNR. While each section states that the landowner has a right to pursue a judicial remedy and receive a judicial award for private claims, neither provides that pursuit of that remedy or award is different from the traditional procedure employed in such litigation.
>
> With regard to Plaintiffs' contentions, the right to a jury trial in a civil case is provided for by statute, La.Code Civ.P. arts. 1731 through 1814. Litigants have a right to trial by jury "[e]xcept as limited by Article 1732." None of the exceptions enumerated in Article 1731 apply to this litigation. Additionally, pursuant to the Code of Civil Procedure, issues of liability and damages must be tried together, unless the parties agree to separate proceedings for liability and damages. La.Code Civ.P. arts. 1562, 1736.
>
> . . .
>
> The issues presented herein have been addressed by the fourth circuit in *Duplantier Family Partnership v. BP Amoco,* an unpublished opinion bearing docket number 07-293 (La.App. 4 Cir. 5/16/07), 955 So.2d 763, *writs denied*, 07-1241, 07-1265, 07-1271 (La. 9/28/07), 964 So.2d 367, 368. In *Duplantier*, the court observed that the legislature's enactment of La.R.S. 30:29 was to ensure that the funds awarded by courts for the remediation of property damaged by oil and gas exploration and production are used for that purpose but pointed out that the legislature has not limited a property owner's private right of action for damages in such cases. The court also considered that the supreme court has not limited a property owner's "recovery for remediation . . . to tort damages." *Id.* at 25 (citing *Corbello v. Iowa Prod.*, 02-826 (La. 2/25/03), 850 So.2d 686). The fourth circuit concluded that dicta in *Corbello* indicates that "all claims, both tort and contractual, should be considered at the same time in order to determine the full extent of damages owed to the property owner." *Id.* at 26.

As to the procedure advocated by the defendants, the fourth circuit opined that for judicial efficiency and the avoidance of piecemeal litigation "one trial of all issues" is the most "plausible interpretation of the statute." *Id.* The court also noted that consent of all parties is required to bifurcate trials, La.Code Civ.P. arts. 1562, 1736, and that under ConocoPhillips interpretation, "there would be two juries, two trials, and at least two appeals, all which could result in conflicting rulings." *Id.*

We agree with the reasoning and determination of the fourth circuit in *Duplantier* and the trial court herein that the trial in this matter must be tried in its entirety to the fact finder then referred to LDNR.

*Id.* at ___.

Less than one month after this court's decision in *John L. Germany, et al. v. ConocoPhillips Co., et al.*, another panel of this court faced a similar situation. In another oilfield contamination case, *Bernard v. BP America Production Co.*, 07-1249, p. ___ (La.App. 3 Cir. 4/2/08), ___ So.2d ___, the plaintiffs therein sought supervisory writs with this court challenging the trial court's ruling requiring that "liability issues be tried first, followed by proceedings before the [LDNR], with the trial of claims for damages in excess of the plan resulting from the LDNR process to be held after that process has concluded." A panel of this court granted the writ and reversed the trial court's ruling, stating as follows:

> The issues herein involve the interpretation of La.R.S. 30:29, as enacted by La. Acts No. 312, § 1 of the Louisiana legislature. Based on this court's recent ruling in *John L. Germany, et al. v. ConocoPhillips Co., et al.*, 07-1145 (La.App. 3 Cir. 3/5/08), ___ So.2d ___, and *Duplantier Family Partnership v. BP Amoco,* 07-293 (La.App. 4 Cir. 5/16/07), 955 So.2d 763, *writs denied*, 07-1241, 07-1265, 07-1271 (La. 9/28/07), 964 So.2d 367, 368, we grant this writ, make it peremptory, and reverse the trial court ruling. We remand this case to the trial court for a single trial to the fact finder of all issues before the case is remanded to the LDNR.

*Id.* at ___.

In its brief to this court, Defendants argued the reasoning in *Duplantier* was "faulty." However, the Louisiana Supreme Court denied writs in *Duplantier* and two decisions of this court have cited with approval the *Duplantier* case. We agree with

the trial court that La.R.S. 30:29(C) provides that referral to LDNR must await a determination by the fact finder on whether environmental damage exists and who are the responsible parties. Since Plaintiff has not consented to a bifurcated trial, the jury will not determine whether environmental damage exists until the verdict is rendered at the "one trial" permitted under La.Code Civ.P. art. 1736. The overlapping evidence in the two trials proposed by Defendants would greatly increase the risk of contradictory findings. We fully agree with the fourth circuit in *Duplantier* and this court in *Germany* "that for judicial efficiency and the avoidance of piecemeal litigation 'one trial of all issues' is the most 'plausible interpretation of the statute.'" *Germany*, at ___, *quoting Duplantier*, 955 So.2d at 26. Thus, we affirm the trial court's holding that pursuant to La.R.S. 30:29, there should be a single trial of all issues before the case is referred to LDNR.[2]

**WRIT DENIED.**

---

[2] We note that on April 11, 2008, Defendants filed a "Joint Admission and Motion for Entry of Order to Submit Plan and Stay of Other Proceedings Under La.R.S. 30:29." On May 5, 2008, the trial court denied the motion. Defendants have submitted a letter brief to this court concerning the denial of that motion. The issue of the correctness of the trial court's denial of the "Joint Admission" is not before the court in *this* writ application. The only issue before this court in this writ proceeding is the proper trial plan to be employed in a proceeding under La.R.S. 30:29.