ALLISON vs. FOX.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

| 5 | 457 |
| e121 | 597 |

All the rules of evidence relative to a commencement in writing, which existed under the old Code, have been removed by the amendments to that work.

Parol evidence is inadmissible to give validity to an instrument, defective *per se,* which is offered to prove a sale of real property.

The plaintiff alleged that he authorised John Finck, to sell certain lots belonging to him, in the suburb Delor.    That the defendant acceded to the proposals of his agent, and made with the latter a written agreement to that effect. The defendant afterwards refused to sign a public act of sale, according to the terms of this agreement, which was tendered to her.   The plaintiff claimed general damages, and special damages for relinquishing certain stock in the Union Bank, in consequence of this agreement.

The defendant denied that she had entered into such an agreement, and alleged that the property in question was encumbered with mortgages, and for that reason the plaintiff could not have subscribed for the bank stock.

Judgment was rendered for the defendant, and the plaintiff appealed.

*Hennen, Barton* and *Maybin,* for appellant.

*Sterrett,* for appellee.

*Preston,* on the same side, made the following points.

1. Three circumstances concur to the perfection of the contract of sale; the thing sold, the price, and consent.— *Code,* 2414.

2. The contract of sale of land must be in writing, and the verbal sale of the same is null, even as to the contracting parties, and testimonial proof shall not be admitted. *Code,* 2475.

3. Parol evidence inadmissible against or beyond what is contained in the acts; or on what may have been said before, or at the time, or since. *Code,* 2255 and 2256.

4. The contract on the face of it, is a mere mandate and very informal.

5. He might as well write above Mrs. Fox's name, *I do not,* as *I do,* accept.

6. The objection to proving damages is, that they are claimed for a violation of a contract; then a *legal* contract must be first *legally* proved.

The opinion of the court, MATHEWS, J. absent, was delivered by PORTER, J.

The plaintiff sues, to compel the defendant to carry into effect a contract, which he avers she entered into with him for the purchase of certain lots in the suburb Delor. He asks also for damages in consequence of her refusal to comply with her agreement.

The answer denies the existence of any such agreement as that set out in the petition.

The plaintiff, in support of his allegations, introduced in evidence the following document:

" Mr. Finck,

" Sir—You are authorised to close the sale with Madam Fox, for the annexed price and conditions; say twelve thousand dollars cash, in the following payments:

| | | |
|---|---|---:|
| " On the day of signing the bill of sale...............$ | 3,000 |
| " do. | do. one note, payable twelve months after date, with interest.................. | 3,000 |
| " do. | do. one note of $3,000, with interest at 8 pr. ct. per annum, payable twenty-four months after date................ | 3,480 |
| " do. | do. one note of $3,000, bearing the same interest, payable thirty-six months after date........................... | 3,720 |
| | | $13,200 |

" Signed,      John Allison.
               I. Fox.

" New-Orleans, 6th August, 1832.

" Mr. A. to retain the premises, rent free, two months from sale."

On the trial, the plaintiff offered parol evidence to prove that the memorandum at the bottom of the agreement, was written by the agent of the defendant; that the premises described in the petition were those which the parties had contracted for; and that the defendant, subsequent to the signing of the instrument, claimed the said premises as her own. This testimony was objected to, and the court having sustained the objection, a bill of exceptions was taken by the plaintiff.

Under our old Code, this proof would have been admissible, but the amendments to that work have removed from it the whole of the rules of evidence relating to a commencement of proof in writing. To decide this case, therefore, we have to examine whether the instrument produced *per se* enables the petitioner to sustain his action; and if it does not, whether parol proof can be admitted to supply its defects.

*All the rules of evidence relative to a commencement in writing, which existed under the old code, have been removed by the amendments to that work.*

On the first point, we think the instrument, if taken alone, does not sustain the action. It is a power of attorney from the plaintiff, authorising the agent to *close* a contract. It does not appear to have been closed, for no consideration is stated; and in order to the perfecting a sale, there must be a thing given, for the price received or promised to be paid.

*Parol evidence is admissible to give validity to an instrument, defective per se, which is offered to prove a sale of real property.* If the document introduced, therefore, be not in itself a sale, and enable the plaintiff to recover, it is clear it cannot be made so by parol evidence; for our Code tells us in the most express terms, that testimonial proof of the sale of immoveable property shall not be received. *La. Code*, 2255, 2416.

This opinion renders it unnecessary to examine whether the court decided correctly in rejecting evidence that the memorandum which was written at the bottom of the agreement was in the hand writing of the agent of the defendant. Whether it was, or not, could not clear the case of the difficulty of the plaintiff being still under the necessity of proving the consideration by parol. There would be, perhaps, as much danger in receiving verbal proof of the thing which was sold, when the writing is ambiguous, as there would be in permitting proof of a sale, where there was no writing whatever. At all events, the law has considered so, by no longer giving any weight to a commencement of proof in writing.

This opinion renders it unnecessary to examine into the question, in relation to damages for a breach of contract. In order to show the breach, the contract must be proved; and if it cannot be proved, or, what is the same thing, not proved by legal evidence, there can be no longer a breach of it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.