## Smith et al. *v.* Smith.

The privilege given to overseers for their salaries by art. 3184 of the Civil Code, and that for necessary supplies furnished to any farm or plantation, are not included among those privileges which authorise a provisional seizure. A sequestration may be obtained whenever the creditor has a lien or privilege upon the property, on complying with the requisites of law, by previously giving bond, &c. (Act 7 April, 1826, s. 9. C. P. 276) ; but the writ of provisional seizure is restricted to certain enumerated cases of privilege, and issues without a bond.

SMITH
v.
SMITH.

APPEAL from the District Court of St. Mary, *Voorhies*, J. This was an action to recover the amount of advances made to the defendant in cash, for the payment of the wages of his overseer, and the price of horses and oxen purchased for the use of his plantation, and for necessaries furnished for its use. The defendant's crop was provisionally seized, on the allegation that he was about to remove beyond the jurisdiction of the court, and that plaintiffs had a privilege on it. There was a judgment below in favor of the plaintiffs for the amount claimed, but no privilege was allowed to them, and the provisional seizure was set aside at their cost. The plaintiffs appealed.

*Maskell*, for the appellants. Plaintiffs are entitled to a privilege. C. C. 3184. Acts of 1843, p. 44. 6 Rob. 486. A provisional seizure may be sued out in all cases in which plaintiffs have a privilege, and they are not bound to give surety. C. P. 284. 7 Mart. N. S. 154. 5 Rob. 131.

*T. H. Lewis*, on the same side. No counsel appeared for the defendant.

The judgment of the court was pronounced by

SLIDELL, J. This case has been brought before us on appeal taken by the plaintiffs, who contend that the court below erred in setting aside a writ of provisional seizure, which was executed upon the defendant's crop. The crop was bonded by the defendant.

By a careful examination of the provisions of the Code of Practice, and the acts amendatory of it, it will be found that there is a distinction between the remedies of sequestration and provisional seizure. The former may be obtained by a creditor "in all cases where he has a lien or privilege upon property, upon complying with the requisites provided by law." Act of 7 April, 1826, § 9. One of these requisites is the condition precedent, of giving a bond to the defendant in the sequestration, with one good and solvent surety, residing within the jurisdiction of the court, in such sum as the court shall determine, to be responsible for such damages as the defendant may sustain, in case such sequestrsition should have been wrongfully obtained. C. P. art. 276. The writ of provisional seizure is restricted to certain enumerated cases of privilege, which the law seems to have regarded with peculiar favor, and is permitted to issue without giving bond. The privilege claimed in the present case was that conferred by article 3184 of the Civil Code, and the amendatory act of 1843. Sess. acts, p. 44. It is not one of the privileges for which the remedy by provisional seizure is given, and the proper remedy was a sequestration.

*Judgment affirmed.*