No. 2948

Second Circuit

---

## COLE v. MURRAY

---

(June 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Landlord and Tenant, Par. 96, 97, 12.**
The law under Articles 284-285 of the Code of Practice authorizes a writ of provisional seizure only in cases where the law grants a privilege. Therefore, where the petition and evidence fail to show that the plaintiff had any privilege on the crops seized, the writ is properly dissolved.

2. **Louisiana Digest—Obligations, Par. 172, 180—Damages, Par. 85.**
Where, after an agreement of sale had been made and an abstract and deed were tendered with the demand that the purchaser pay the price, his refusal is sufficient to admit evidence to show a breach of contract and give rise to a demand for damages.

3. **Louisiana Digest—Damages, Par. 91— Obligations, Par. 182.**
In an action to recover damages for the breach of a verbal promise of sale, it is essential that the contract be established by legal evidence.

4. **Louisiana Digest—Evidence, Par. 129.**
Where the promisee has been placed in possession in pursuance to a verbal promise of sale, and the proof is dependent upon the confession of the parties, the answers of the party interrogated are conclusive where there is not any written evidence to contradict or disprove the answers given.

**5. Louisiana Digest—Evidence, Par. 129, 216.**

Where the defendant, in his answers to interrogatories, sets up a different contract from that alleged, in that other lands had been agreed to be sold than those alleged in the petition, the proof of the verbal contract being dependent upon the answers of defendant to the interrogatories, parol evidence is inadmissible to disprove the answers and the contract is proven.

**6. Louisiana Digest—Damages, Par. 88, 91.**

Where the evidence as to damages flowing from the breach of an alleged contract are vague and uncertain they are properly rejected by the trial court as not having been proven.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by I. A. Cole, individually and as tutor, against Arthur Murray.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

S. L. Digby, of Farmerville, attorney for plaintiff, appellant.

G. H. Holloway, of Farmerville, attorney for defendant, appellee.

WEBB, J. In this action the plaintiff, I. A. Cole, individually and as tutor of Errye Pryor, S. L. Reeves, R. L. Reeves, Mrs. Ella Edwards, V. H. Cole, Helen Pryor, A J. Pryor, and Ella Faye Daniels and R. B. Daniels, represented by their tutor, C. B. Edwards, allege that, on or about the latter part of November, or first of December, 1925, they entered into a verbal contract with Arthur Murray, defendant, under which they agreed to sell to defendant and he agreed to purchase certain described lands for the price of two thousand dollars; that they had agreed to furnish an abstract of the title and to give defendant a good, valid title under deed, and that pending the furnishing of the abstract and giving the deed defendant had been placed in possession of the property and had remained thereon until the date of suit in August, 1926, and in the meantime had cultivated a crop thereon and had cut and sold some timber from the property; and plaintiffs annexed to their petition interrogatories on facts and articles in which defendant is requested to state whether or not he had agreed to purchase the property, the nature of the contract, and also as to whether or not he had entered into possession, and plaintiffs obtained an order for defendant to answer the interrogatories in open court.

Plaintiffs further alleged that they had procured at an expense of seventy-five dollars an abstract covering the property which shows their title is good and valid, and had presented same to defendant, and had also tendered to defendant a deed conveying the title, and had demanded of defendant to accept the title and pay the price; that defendant had refused to accept the deed and pay the price and had breached the contract, and that they were entitled to recover from defendant damages in the sum of fifteen hundred and seventy-five dollars itemized as follows: Six hundred dollars for failure to comply with his contract, seventy-five dollars for the cost of the abstract, eight hundred dollars for rent of the property, and one hundred dollars for timber cut and removed from the premises by defendant.

Plaintiffs further alleged that they had a lien and privilege on the crops to secure the rent, and obtained a writ of provisional seizure and prayed for judgment in accordance with their petition.

The crop was seized and the seizure was bonded by defendant and following defendant moved to dissolve the writ of pro·

visional seizure on various grounds among which was that the petition failed to show a cause or right of action, and prayed for dissolution of the writ with damages.

The motion being referred to the merits, defendant, as to the main demand, excepted that the petition failed to state a cause or right of action, prematurity, and failure to put defendant in default, which exceptions being referred to the merits, defendant answered reiterating the exceptions and denying the allegations of the petition, with the exception that he admitted he was in possession of the property described in the petition but that he was not in possession of all the property agreed to be sold, under condition that plaintiff would furnish an abstract showing a good and valid title to the property and that they would give him a good and valid deed.

He further alleged that the abstract furnished did not cover all of the property agreed to be purchased or all of the property described in the petition and that it was defective in that it did not contain certain judicial proceedings by which plaintiffs acquired title nor the tutorship proceedings under which the tutor to the minors were appointed, and, further, that the proceedings under which the minors were appointed were irregular, and setting up various defects in plaintiffs' title, and that plaintiff had not made a legal tender and placed him in default, and that the deed did not cover the property agreed to be sold.

He alleged that plaintiffs had violated their agreement, and reconvened for damages in the sum of six hundred dollars for violation of the contract, and reiterated his demand for the dissolution of the writ of provisional seizure and for damages in the amount set forth in the motion to dissolve and prayed for judgment accordingly.

On trial the writ of provisional seizure was dissolved and the demands of all parties were rejected, from which plaintiff alone appealed.

### OPINION

The defendant did not answer the appeal and the judgment rejecting his reconventional demand is final, leaving for consideration only the demands of plaintiffs and appellants who have not, however, filed a brief, and we are not advised of the grounds on which they contend the judgment should be reversed.

Considering first the exceptions, we are of the opinion that the allegations of the petition do not show that plaintiff had a privilege on the crop, but, on the other hand, accepting the allegations as true, it appears that plaintiffs did not have a privilege, and the writ of provisional seizure being authorized only in cases where the law grants a privilege (Arts. 284-285, C.P.), we are of the option the exception was good and should have been sustained. (Blancar vs. Davidson, 7 La. Ann. 654; Smith vs. Smith, 2 La. Ann. 447; Haughery vs. Lee, 17 La. Ann. 22, and authorities cited); and even considering the evidence offered on the trial it fails to show that plaintiffs had any privilege, and the writ of provisional seizure was properly dissolved.

The exception of no cause of action urged against the plaintiffs' demands, as well as the exceptions of prematurity and failure to place defendant in default, were not improperly referred to the merits as the pleadings show the basis of the action was the alleged verbal promise of sale which could be proven only by the interrogatories propounded to defendant which, if answered in the affirmative, would establish the contract, and, the contract being established, the allegations of the petition as to plain-

tiffs having furnished defendant with an abstract covering the property and having tendered to him a deed and demanded that he pay the price, and comply with the agreement, and his refusal to do so, were sufficient to admit evidence to show a breach of the contract and to give rise to the demand for damages.

When the cause was called for trial, however, and the interrogatories annexed to plaintiffs' petition were propounded to defendant, he answered them in the negative, and while we think that his answers should be considered in connection with his pleadings, in which he set up that there was a promise to sell and agreement to purchase, yet the pleadings set up a different agreement from that alleged upon.

In an action to recover damages for the breach of a verbal promise of sale, it is essential that the contract be established by legal evidence. (Patterson vs. Bloss, 4 La. 374; Allison vs. Fox, 5 La. 457; Baudue vs. Conrey, 10 Rob. 466; Marionneaux vs. Edwards, 4 La. Ann. 103; Bradford vs. Cook, 4 La. Ann. 229; Anderson vs. Smith, 4 La. Ann. 525); and where the promissee has been placed in possession and the proof is dependent upon the confession of the parties, the answers of the party interrogated are conclusive where there is not any written evidence to contradict or disprove the answers given. (Sherman vs. Nehlig, 154 La. 25, 97 South 270; Rubenstein vs. Files, 146 La. 727, 84 South. 33, and authorities cited); and the only grounds upon which we conceive that the answers given by defendant should not be conclusive against plaintiffs' action is that it might be contended his answers to the interrogatories were in conflict with the allegations of his answer, in that in his answer he alleged that there had been an agreement or promise of sale.

In the answer, however, as stated, the defendant set up a different contract or agreement of sale from that alleged upon, in that he claimed that other lands than that described in the petition had been agreed to be sold and transferred, and we do not think it could be said the answer of defendant admitted the contract alleged by plaintiff, and the proof of the contract being dependent upon the answers of defendant to the interrogatories, and parol evidence being inadmissible to disprove the answers to the interrogatories, the action of plaintiffs for damages for the breach of the contract fell when defendant answered the interrogatories denying the contract alleged upon.

The claim for rent, if it could be considered as the same as for the use and occupancy of the property, as well as the claim for timber cut and removed from the premises by defendant, may, however, be based upon other grounds than as damages flowing from the breach of the alleged contract; but as the evidence as to such claims is vague and uncertain, and as the pleadings clearly indicate the claim made for such items was for a breach of the contract, we consider that the judgment rejecting plaintiffs' demands as to such claims was correct. However, we think that plaintiffs' right to make a claim for the use and occupancy of the property and for the timber cut, destroyed or removed by defendant should not be concluded by the decree, and that their rights as to such items should be reserved, and that the judgment should be amended in that respect; and it is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reserve to the plaintiffs the right to claim for the use and occupancy of the property, and for the timber cut, destroyed or removed, by defendant, and, as thus amended, the judgment appealed from is affirmed; plaintiffs to pay the costs of the appeal.