927 So.2d 391 (2005)
Mamta Pani RAO
v.
Maheswar RAO.
No. 2005 CU 1523.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Richard Ducote, New Orleans, Counsel for Plaintiff/Appellee Mamta Pani Rao.
Helen M. Edgington, Jack M. Dampf, Baton Rouge, Counsel for Defendant/Appellant Maheswar Rao.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.

MEMORANDUM OPINION
The defendant-appellant, Maheswar Rao (Dr. Rao), appeals the judgment of the Family Court of the Parish of East Baton Rouge granting the request of the plaintiff-appellee, Mamta Pani Rao (Mrs. Rao), to relocate with the parties' minor children to Orlando, Florida.
The parties were divorced on July 18, 2002. At the time the relocation request at issue was made, the parties were sharing the physical custody of their minor children on an equal basis.
Dr. Rao contends that because in his view Mrs. Rao's proposed relocation was "optional" rather than necessary, and motivated primarily by her desire to remove herself geographically from him and the former matrimonial domicile, it was not requested in good faith. He further contends that the trial court erred in failing to apply the burden of proof for change of custody mandated by Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) and Evans v. *392 Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731.
We initially address the issue of Mrs. Rao's good faith. A trial court's determination in a relocation matter under La. R.S. 9:355.13 is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. Curole v. Curole, 02-1891, p. 4 (La.10/15/02), 828 So.2d 1094, 1096. In Curole, similar concerns over the motivation of the relocating parent were raised by the objecting parent. Id., 02-1891 at pp. 6-7, 828 So.2d at 1097-98. Our review of the record in this matter demonstrates that there was substantially more factual support for the trial court's judgment here than that of the trial court in Curole. The supreme court in Curole found no manifest error in the trial court's finding of good faith. We also find no manifest error on the part of the trial court here.
We next address Dr. Rao's contention that the trial court's judgment is legally erroneous in contravening the burden of proof for change of custody under Bergeron and Evans. Louisiana Revised Statutes 9:355.1 et seq., which govern relocation, were enacted in 1997 and amended in 2003. Thus, it cannot be presumed that the legislature enacted and amended these statutes in ignorance of the standard established by Bergeron and elucidated in Lungrin. Further, the supreme court's failure to address the applicability of the holdings of either Bergeron or Evans in the context of relocation in Curole is a compelling, albeit mute, indication that the standards of burden of proof established by the former cases do not apply in the special, limited circumstances of parent relocation specifically addressed by the legislature. We conclude that, to the extent Bergeron and Evans might somehow be applicable to determination of a relocation request and corresponding change in custody, the standards are inherent within the statutory relocation factors and requirements of good faith and best interest of the children as set forth in La. R.S. 9:355.12 and 9:355.13 respectively. See, e.g., Elliott v. Elliott, 05-0181, pp. 8-11 (La.App. 1st Cir.5/11/05), 916 So.2d 221, 227-29, 2005 WL 1109457, writ denied, 05-1547 (La.7/12/05), 905 So.2d 293; Peacock v. Peacock, 39,950, pp. 5-9 (La.App. 2nd Cir.5/4/05), 903 So.2d 506, 510-513.
The trial court's written reasons for judgment thoroughly discuss the relevant facts of this contentious custody litigation, the applicable law, and the pertinent factors forming the basis of its judgment. Indeed, the trial court's written reasons for both the judgment on the merits and the judgment on the new trial could well serve as a paradigm for all trial court reasons for judgment. A careful review of the record demonstrates that the trial court did not abuse its discretion in finding that the proposed relocation was made in good faith. The determination of whether the relocation is in the children's best interest is more difficult. The statute does not mandate that any one factor be given more weight than another in the trial court's analysis. Curole, 02-1891 at p. 6, 828 So.2d at 1097. Conversely, it does not prohibit the trial court from determining that one or more factors are entitled to more weight than others in comparing them and ultimately determining the issue. Although this court might disagree with the conclusions and the relative weight accorded some factors by the trial court, we simply cannot conclude that its ultimate decision constitutes a clear abuse of discretion.
The record of this matter amply demonstrates that this is a case of two loving parents who truly desire the best for their children despite their differences as to achieving that goal. The trial court had *393 the benefit of direct observation of the parties and the difficult task of weighing credibility and the weight of all the evidence over the course of several years. Given that evidence and its well-articulated reasons for judgment, we cannot presume to second-guess the trial court's considered judgment as to the best interest of the children.
The judgment of the trial court is affirmed. This memorandum opinion is issued pursuant to Rule 2-16.1(B) of the Uniform Rules of the Louisiana Courts of Appeal. The costs of this appeal are assessed to the defendant-appellant, Maheswar Rao.
AFFIRMED.