974 So.2d 45 (2007)
Alfred HARRIS
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1255.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2007.
*46 Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, James. B. Mullaly, Assistant City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, and Judge LEON A. CANNIZZARO JR.).
CHARLES R. JONES, Judge.
The Appellant, Officer Alfred Harris, seeks review of a Civil Service Commission decision which upheld his eighty-five (85) day suspension from the New Orleans Police Department. We affirm.
The facts in this case are not in dispute. Officer Harris was employed by the New Orleans Police Department ("NOPD") as a Police Officer I with permanent status. At the time Hurricane Katrina occurred, Officer Harris was assigned to the Seventh Police District. On August 28, 2005, he was ordered to report to the Seventh District's station on August 29, 2005.
Officer Harris was precluded from reporting to work on August 29, 2005, because his home was flooded. He had to be rescued from his home. On the evening of August 30, 2005, Officer Harris made his way to the Seventh District's makeshift station at the Crystal Palace reception hall on Chef Menteur Highway. On September 1, 2005, Officer Harris made the decision to leave the stationwhere he alleges no police action was occurringto check on his family and to let them know he was okay.
Officer Harris traveled to Acadia, Texas, where he remained until the end of the first week of September, 2005. He then attempted to return to the city, but was not allowed to enter because he did not have his police identification, which was lost in the flood. Officer Harris was ultimately allowed into New Orleans on September 13, 2005.
After a departmental investigation was conducted, the Appointing Authority suspended Officer Harris for eighty-five (85) days for neglect of duty. The length of the suspension was based on a scale set-up by the Superintendent to discipline officers commensurate with the amount of time that they were absent from duty. Officer Harris timely filed an appeal with the Civil Service Commission, where it was assigned to a Hearing Examiner. A hearing was conducted and by a decision rendered on August 7, 2007, the Commission dismissed Officer Harris's appeal. Officer Harris now seeks review of the Commission's dismissal of his appeal.
*47 Officer Harris raises two (2) issues on appeal. First, he asserts that the Civil Service Commission committed manifest error in dismissing his appeal because no discipline was warranted under the conditions created by Hurricane Katrina. His second assignment of error is that the Commission also committed manifest error in denying his appeal when the Appointing Authority's discipline was excessive.
The Civil Service Commission's findings of fact should be given the same deference as those made by a judge or jury and, accordingly, the standard of review does not differ from that in other civil cases and the Commission's determination should be affirmed unless it is manifestly erroneous or clearly wrong. Bruno v. Department of Police, 462 So.2d 139, 141 (La.1985) (citations omitted).
In Robertson v. Department of Police, 07-0795 (La.App. 4 Cir. 10/3/07), 968 So.2d 779, we set forth the standard of review in civil service disciplinary cases as follows:
[T]he appellate court has a multifaceted standard of review. First, as in other civil matters, deference must be given to the factual findings made by the Commission, which should not be disturbed unless manifestly erroneous or clearly wrong. Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the appellate court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by an abuse, of discretion. (citing Bannister v. Department of Streets, 95-404, p. 8 (La.1/16/96), 666 So.2d 641, 647 (citations omitted) ).
Legal cause exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir.1990). A decision by the Civil Service Commission is "arbitrary or capricious" if there is no rational basis for the action taken by the Civil Service Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647. Furthermore, a legal basis for any change in disciplinary action can only be that sufficient cause for the action was not shown by the Appointing Authority. Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir.1978).
In his first assignment of error, Officer Harris contends that the Civil Service Commission acted arbitrarily and capriciously in dismissing his appeal and thereby upholding his eighty-five (85) day suspension because no discipline was warranted. Officer Harris maintains that the Commission introduced no evidence that his departure impaired the efficiency of the public service considering that the Seventh District had lost its communication capabilities; had no means of transportation; was unequipped, and, therefore, unable to assist anyone in the aftermath of Hurricane Katrina. Under these circumstances, Officer Harris contends that his absence was excusable. We disagree.
In its August 7, 2007 decision, the Commission explained:
The Appointing Authority had established by a preponderance of evidence that it disciplined Appellant for cause. Appellant neglected his duty by abandoning his assignment without permission, and remaining away from his duties for fourteen days.
After reporting to the Seventh District's makeshift station on August 30, 2007, Officer Harris decided he would rather be elsewhere and without requesting permission from a superior officer to leave his station, he deserted his post. The decision of whether he could leave, however, *48 was never his decision to make. The Commission neither acted arbitrarily nor capriciously in upholding the Appointing Authority's decision to discipline Officer Harris for forsaking his responsibilities.
Officer Harris survived the flooding of his home, was rescued and managed to report to duty. Yet, he abandoned his post before he was called upon to assist those who had been in his same predicament. In that respect, he impaired the efficiency of public service. Admittedly, Officer Harris acted out of frustration. It would defy reason, however, to allow emergency personnel operating in an emergency to use exigent conditions created by said emergency to justify leaving their post. We find that this assignment of error has no merit.
Officer Harris's second assignment of error is that he should not be suspended for eighty-five (85) days because such a lengthy suspension is excessive, even if his behavior does merit punishment. He contends that the Appointing Authority's implementation of a "mechanical scale" to determine how to discipline its officers is too rigid because it does not take into account mitigating circumstances.
The Superintendent devised a scale to uniformly discipline offending officers. According to Officer Harris, the Appointing Authority testified that guidelines had been established to punish officers based on the time officers missed from duty. An officer was suspended' for thirty (30) days if they were absent from zero (0) to seven (7) days. Being absent from seven (7) to fourteen (14) days carried an increasingly larger suspension for each unauthorized day. It is uncontested that Officer Harris was absent for fourteen (14) days.
We recently addressed the issue of excessive suspensions in Cure v. Department of Police, 07-0166 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093. In Cure, a New Orleans Police Officer contested his thirty (30) day suspension for leaving his post for six (6) days during an emergency hurricane evacuation. Officer Cure averred that the imposed penalty was "arbitrary and capricious in that it was imposed through an 'arbitrarily set formula for punishment that failed to distinguish the people who reported for emergency activation status and stayed through the crises [which the plaintiff did] and then left from the people who failed to report on August 28 for emergency activation status and were gone a similar length of time.'" Id. at pp. 1-2, 964 So.2d at 1094.
We affirmed the decision of the Appointing Authority and held:
The use of a schedule during the difficult post Katrina times is understandable. Whether the punishment called for by the schedule constitutes an abuse of discretion depends on the facts of the particular case to which the schedule is applied. We find the punishment to be commensurate with the infraction. We do not find that the punishment was excessive relative to the infraction. We further find that the "dereliction bore a real and substantial relationship to the efficient operation of the appointing authority," i.e., it goes without saying that Officer Cure's absence from his post during the post Katrina emergency would impair the efficient operation of the appointing authority. The plaintiff cites no authority to the contrary.
Id. at p. 3,964 So.2d at 1095.
Similarly, we find that the length of Officer Harris' abandonment gave the Appointing Authority cause to suspend him for eighty-five (85) days. Officer Harris asserts that mitigating factors were at play and should be taken into consideration. As stated above, Officer Harris was a member of the emergency personnel operating *49 in an emergency. The taxing conditions Officer Harris was subjected to (i.e. loss of equipment, lack of communication, etc.) cannot be used to lessen his penalty when said conditions were the result of the very emergency for which he was ordered to report. Because Officer Harris' penalty corresponds with his infraction, we do not find that it is excessive. Therefore, we find that this assignment of error lack merit.

DECREE
For the foregoing reasons, the decision of the Civil Service Commission is affirmed.
AFFIRMED.