LOVE, J.,
dissents and assigns reasons.
|XI respectfully dissent with the majority’s amendment of the Civil Service Commission’s (hereinafter “the Commission”) decision.
The appointing authority must prove by a preponderance of the evidence that the complained-of conduct occurred and that the conduct impaired the efficient operation of the entity (legal cause). Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4 Cir.1993). “In reviewing the Commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous.” Lombas v. Dept. of Police, 467 So.2d 1273, 1275 (La.App. 4 Cir.1985), quoting Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 114 (La.1984)). “In judging the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.” Id. “Arbitrary or capricious” means that there is no rational basis for the action taken by the Commission. Bannister v. Dept. of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The Superintendent of the New Orleans Police Department (hereinafter “NOPD”) devised a schedule to uniformly discipline officers who either left their [?posts or failed to report to duty during Hurricane Katrina and in the storm’s aftermath. Alfred Harris v. Dept. of Police, 07-1255, p. 5 (La.App. 4 Cir. 12/12/07), 974 So.2d 45, 48. In Harris, according to Officer Harris, the appointing authority testified that guidelines were established to punish officers based on time missed from duty. Id. An officer was suspended for thirty (30) days if they were absent from zero (0) to seven (7) days, and being absent from seven (7) to fourteen (14) days carried an increasingly larger suspension for each unauthorized day. Id. In Cure v. Dept. of Police, 07-0166, p. 3 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1093-1095, we held “[t]he use of a schedule during the difficult post Katrina times is understandable,” and whether punishment given according to *1033 the schedule constitutes an abuse of discretion depends on the facts of the case.
Officer Fascio testified that he remained on duty throughout the emergency caused by Hurricane Katrina with the exception of a 12-13 hour time period. During that time, Office Fascio testified that he notified his sergeant that he had to go and would return as soon as he could, and drove to Slidell, Louisiana to make sure his daughter evacuated from her flooded home. Officer Fascio drove to Slidell, confirmed that his daughter was not there, and returned to duty. The Commission found legal cause for his punishment and noted: “[w]hile we understand the Appellant’s conflict between his job and his family, we cannot accept the conflict as a justification for the choices that he made.”
The appointing authority is charged with departmental operations, and it is within his or her discretion to discipline an employee for sufficient cause. Whitaker v. New Orleans Police Dept., 03-0512, p. 5 (La.App. 4 Cir. 9/17/03), 863 So.2d 572, 575 (citing Joseph v. Dept. of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980)). The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify, reduce, reverse or | .¡affirm a penalty; the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty. La. Const, art. X, § 12; Pope v. New Orleans Police Dept., 04-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The Commission is without authority to substitute its judgment for that of the Appointing Authority. Joseph, 389 So.2d at 741. Moreover, “[t]he [Sjuperintendent of police is charged with the operation of his department, and the Civil Service Commission is not his supervisor.” Branighan v. Department of Police, 362 So.2d 1221, 1223 (La.App. 4 Cir.1978). “The [Superintendent is the one who must run his department and exercise discretion in relation to disciplining his officers, and the Commission is not charged with exercising that discretion.” Id.
Unlike the majority, I do not find the Commission’s determination in Deshotel v. Dept. of Police, 07-0363 (La.App. 4 Cir. 10/24/07), 970 So.2d 1106, relevant to our determination of whether the Commission abused its discretion in affirming the punishment imposed upon Officer Fascio under the particular facts of the matter sub judice. Further, I do not think that this Court may supplant its own judgment for that of the appointing authority and exercise the discretion of disciplining officers by reducing the suspension to a number of days inconsistent with the NOPD’s guideline. While I may find that Officer Fas-cio’s decision to leave his post without authorization to determine the status of his daughter’s safety a mitigating factor, I do not find the Commission was manifestly erroneous or abused its discretion in not doing so. I would affirm the decision of the Commission.