PICKETT, J.,
concurring in the result.
LI agree with the conclusion reached by Judge Gremillion that the minor children should remain in the custody of their father and with the visitation in favor of the mother as set forth in his opinion.
Judge Gremillion determined that Mrs. Edwards failed to meet the heavy burden set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). I agree that, even accepting the trial court’s view of the evidence as we are required to do under the manifest error standard of review, those findings fall short of meeting the Bergeron standard. I do not find, however, that Bergeron applies in the matter before us.
Bergeron states that a party seeking a change in custody, subsequent to a considered decree, bears the burden of proving that continuation of the present custody arrangement is so deleterious to the children that a modification of the decree is justified, or of proving by clear and convincing evidence that the harm likely to be caused by a change in the environment is substantially outweighed by its advantages to the child. Bergeron focused largely on the interpretation and application of then La.Civ.Code art. 157, now La.Civ.Code art. 134, which addresses factors to consider in determining what is in the best interest of the child, and then La.Civ.Code art. 146, |2now La.Civ.Code art. 131, also pertaining to the best interest of the child, and the joint custody laws adopted in 1982.
Bergeron was written in 1986. Louisiana Revised Statutes 9:355.1 et seq., which governs contested relocations, was passed *560 by our legislature in 1997 and subsequently amended in 2003. It is my opinion that since the passage of this legislation, the provisions of La. R.S. 9:355.12 governs relocation cases rather than Bergeron.
Both the first and fourth circuits have found that Bergeron does not apply in relocation cases. In Rao v. Rao, 05-1523 (La.App. 1 Cir. 11/4/05), 927 So.2d 391, the appellant argued that the trial court had legally erred by not applying the Bergeron standard. The court addressed the issue as follows:
Louisiana Revised Statutes 9:355.1 et seq., which govern relocation, were enacted in 1997 and amended in 2003. Thus, it cannot be presumed that the legislature enacted and amended these statutes in ignorance of the standard established by Bergeron and elucidated in [Evans v.] Lungrin[, 97-0541 (La. 02/06/1998), 708 So.2d 731]. Further, the supreme court’s failure to address the applicability of the holdings of either Bergeron or Evans in the context of relocation in Curóle is a compelling, albeit mute, indication that the standards of burden of proof established by the former cases do not apply in the special, limited circumstances of parent relocation specifically addressed by the legislature. We conclude that, to the extent Bergeron and Evans might somehow be applicable to determination of a relocation request and corresponding change in custody, the standards are inherent within the statutory relocation factors and requirements of good faith and best interest of the children as set forth in La. R.S. 9:355.12 and 9:355.13 respectively.
Rao, 927 So.2d at 392.
The fourth circuit approvingly cited this language in McLain v. McLain, 07-752 (La.App. 4 Cir. 12/12/07), 974 So.2d 726.
As was noted in Rao and McLain, the leading case in relocation issues, Curole v. Curole, 08-1891 (La.10/15/02), 828 So.2d 1094, is silent as to the application of Ber-geron in relocation cases. Curóle involved a request to modify a consent judgment rather than a considered decree. In its extensive review, however, the ^supreme court did not state that La. R.S. 9:355.12 is limited to a relocation request that follows a consent decree only. The court does specifically state that “[t]hese statutes, La. R.S. 9:355.1-9:355.17, govern the relocation of a child’s principal residence to a location outside the state[.]” Id. at 1096. There is no language that limits the applicability of these provisions to only those with primary custody or to only those who have custody following a consent decree. It is clear these statutory provisions apply anytime a parent seeks to relocate the child’s principal residence outside the state. The supreme court in Curóle specifically states that “the legislature has placed upon the parent seeking relocation a two-part burden: (1) that the proposed relocation is made in good faith; and (2) that the proposed relocation is in the best interest of the child.” Id. at 1097.
In this case, Mrs. Edwards, the parent seeking relocation, was required to produce evidence sufficient to meet this burden. Louisiana Revised Statutes 9:355.12 specifically sets forth those factors to be considered in determining whether the relocation is in the best interest of these children. When considering the evidence as a whole as applied to the factors set forth in La. R.S. 355.12, I find Mrs. Edwards has failed to demonstrate this relocation is in the best interest of the children.
I, therefore, concur in the result reached by Judge Gremillion.